**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**

| | |
|---|---|
| **DELMA GANTT,** | |
| **Plaintiff,** | Civil Action No. <u>3:22-CV-200-RGJ</u> |
| **v.** | |
| **RELIANCE STANDARD LIFE INSURANCE COMPANY,** | **COMPLAINT** |
| **Defendants.** | |

## INTRODUCTION

1.      This complaint seeks legal and equitable damages arising from and relating to a long-term disability policy insured by Defendant.

2.      The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein.  To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3.      The factual allegations found in this complaint are not exhaustive, and are presented throughout this complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

## JURISDICTION & VENUE

4.      This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to <u>28 U.S.C. § 1331</u> and the Employee Retirement Income Security Act of 1974 ("ERISA"), <u>29 U.S.C. § 1132(e)(1)</u> and § 1132(f).

5.      Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## PARTIES

6.      Plaintiff Delma Gantt ("Ms. Gantt") is a citizen of the United States and an insured participant under the long-term disability insurance policy ("Policy") at issue in this lawsuit.

7.      Defendant Reliance Standard Insurance Company ("Reliance Standard") is the insurer of the Policy at issue in this lawsuit.  Reliance Standard does business as an admitted insurer, and can be regularly found operating, within and throughout the Commonwealth of Kentucky.

## FACTS

8.      Ms. Gantt is insured under a long-term disability insurance policy issued by Reliance Standard.

9.      Ms. Gantt ceased work in August 2011 because of the physical limitations resulting from her disabling conditions and corresponding treatment regimen.  Subsequent to ceasing work, Ms. Gantt has remained continuously disabled and unable to perform the duties necessary to engage in either her prior employment or any other gainful employment.

10.      Reliance Standard agreed Ms. Gantt was disabled as of August 2011 and provided her with the Policy long-term disability benefits beginning November 29, 2011.

11.      Despite having found her Disabled under the any occupation definition since November 29, 2013, in a letter dated April 6, 2022, Ms. Gantt was notified that her long-term disability benefits under the Policy would be terminated and her "LTD claim has been closed."

12.      At the time Reliance Standard terminated her long-term disability benefits, Ms. Gantt's disabling conditions had not improved and her corresponding treatment regimen had not changed.

13.     The termination of Ms. Gantt's disability benefits was flawed and failed to strictly adhere to the ERISA claim regulations for a number of reasons, including *inter alia*:

- Failing to establish and maintain reasonable procedures governing the filing of benefit claims, notification of benefit determinations, and appeal of adverse benefit determinations.

- Failing to provide a claim process that is conducted by an appropriate named fiduciary of the plan.

- Utilizing claim procedures that do not contain administrative processes and safeguards designed to ensure and to verify that benefit claim determinations are made in accordance with governing plan documents.

- Failing to provide a written notification of an adverse benefit determination that provides a description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary.  By way of example, the termination letter simply states Ms. Gantt can submit "written comments, documents, records, or other information relating to [her] claim for benefits, including but not limited to any information submitted in conjunction with any claim for Social Security disability or other benefits"—no specific information was identified.

- Failing to provide a written notification of an adverse benefit determination that provides an explanation of the basis for disagreeing with or not following a disability determination regarding the claimant presented by the claimant to the plan made by the Social Security Administration.  By way of example, the termination letter simply stated "new information has been obtained by RSL that has led us to conclude she is no longer eligible to receive LTD benefits"—failing to, *inter alia*: (i) explain exactly what information was different; (ii) explain how it knew Social Security did not have the same information; and (iii) explain why it disagreed with Social Security's reviewers.

- Failing to provide a written notification of an adverse benefit determination that provides an explanation of the specific internal rules, guidelines, protocols, standards, or other similar criteria of the plan relied upon in making the adverse determination or, alternatively, a statement that such rules, guidelines, protocols, standards or other similar criteria of the plan do not exist.

- Failing to consult with a health care professional who has appropriate training and experience in the field of medicine involved in the

medical judgment.

14.     In administering Ms. Gantt's claims, as the termination letter makes clear, Reliance Standard actively sought to deny her long-term disability Policy benefits.

15.     Ms. Gantt has met and continues to meet the requirements of the Policy necessary to continue receiving disability benefits.

16.     At all times relative hereto, Reliance Standard has been operating under an inherent and structural conflict of interest because any disability benefits provided to Ms. Gantt are paid from Reliance Standard's own assets with each payment depleting those same assets.

17.     Reliance Standard's corporate culture pressures claims personnel to deny or terminate claims to reduce disability benefits it must provide.

18.     Employees who save Reliance Standard money by terminating or denying claims are more likely to be rewarded (e.g., with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

19.     Based on Reliance Standard's failure to strictly adhere to the ERISA claim regulations (*see supra*), Ms. Gantt is deemed to have exhausted his administrative remedies and is entitled to pursue the relief requested herein.[1]

20.     Reliance Standard's failure to strictly adhere to the ERISA claim regulations was **not** *de minimis*, but represents a pattern and practice of violating the claim regulations.

21.     Reliance Standard's failure to strictly adhere to the ERISA claim regulations both prejudiced and harmed Ms. Gantt.

---

[1]     *See* 29 CFR 2560.503-1(l)(2)(i) ("In the case of a claim for disability benefits, if the plan fails to strictly adhere to all the requirements of this section with respect to a claim, the claimant is deemed to have exhausted the administrative remedies available under the plan…Accordingly, the claimant is entitled to pursue any available remedies under section 502(a) of the Act on the basis that the plan has failed to provide a reasonable claims procedure that would yield a decision on the merits of the claim.").

22.     Ms. Gantt's complaint is timely and is not otherwise time barred.

23.     The Policy does not confer any discretionary authority on Reliance Standard or the entity who made the decision to terminate Ms. Gantt's long-term disability Policy benefits

## CLAIMS

### A.     Breach of Contract

24.     The Policy constitutes a written contract.

25.     Reliance Standard breached the terms of the Policy by, among other things, improperly terminating Ms. Gantt's long-term disability benefits.

26.     Reliance Standard's breach damaged Ms. Gantt, not only in the loss of her long-term disability benefits, but also in the loss of earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

27.     29 U.S.C. §§1132(a) is the enforcement mechanism permitting Ms. Gantt to enforce the contractual terms of the Policy, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

### B.     Attorneys' Fees & Costs

28.     As a result of Reliance Standard's improper conduct, Ms. Gantt has incurred attorneys' fees and costs.

29.     29 U.S.C. §1132(g) is the enforcement mechanism permitting Ms. Gantt to recover his reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

30.     Ms. Gantt requests the Court enter judgment in her favor and against Reliance Standard on all claims asserted herein, to include legal and equitable relief as appropriate.

31.     Ms. Gantt requests the Court award her reasonable attorneys' fees and costs.

32.     Ms. Gantt requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by Reliance Standard on the unpaid benefits.

33.     Ms. Gantt requests the Court award any and all other legal or equitable relief to which she may be entitled.

34.     Ms. Gantt requests leave to amend her claims when and as necessary to ensure she receives complete and full relief.

35.     Ms. Gantt requests the Court deem her pleadings to confirm to the evidence.

* * * * * * * * * *

Dated:  April 14, 2022                          Respectfully submitted,

                                                /s/ Andrew M. Grabhorn

                                                **Grabhorn Law | Insured Rights®**
                                                Michael D. Grabhorn, CLU ChFC
                                                (KBA 89842)
                                                *m.grabhorn@grabhornlaw.com*
                                                Andrew M. Grabhorn
                                                (KBA 96477)
                                                *a.grabhorn@grabhornlaw.com*
                                                2525 Nelson Miller Parkway, Suite 107
                                                Louisville, KY  40223
                                                p: 502.244.9331
                                                f: 502.244.9334

                                                *Counsel for Plaintiff Delma Gantt*